2026 IL App (1st) 251772-U

No. 1-25-1772

Order filed July 30, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 21 CR 14581 01 |
| | ) | |
| DIANCIO RENFRO, | ) | Honorable |
| | ) | Arthur Willis, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Ocasio and Quish concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Defendant did not waive his claim that he was entitled to additional sentencing credit not provided for in the plea agreement; we vacate the order denying defendant's motion to amend the mittimus and remand to the circuit court with instructions to hold a hearing to determine whether he should receive additional sentencing credit.

¶ 2     Defendant, Diancio Renfro, appeals from the circuit court's denial of his motion seeking calculation of sentencing credit. For the following reasons, we vacate the circuit court's order denying his motion and remand the case to the circuit court with directions.

¶ 3                                    I. BACKGROUND

¶ 4     On November 24, 2021, Renfro was charged with attempted first degree murder, aggravated discharge of a firearm, kidnapping, and unlawful restraint. On March 6, 2024, Renfro pled guilty pursuant to a negotiated agreement with the State to aggravated discharge of a firearm and kidnapping. Per the agreement, the court sentenced Renfro to 10 years' imprisonment for aggravated discharge of a firearm, to be served at 85%, and 7 years for kidnapping, to be served at 50%, both sentences to run concurrently. Regarding sentencing credit, the following colloquy took place:

>  "THE COURT: I will sentence you as agreed to ten years Illinois Department of
>
>  Corrections to be served at 85 on Count 4. On Count 5 I will sentence you
>
>  to seven years IDOC which would be served at 50 percent. You will receive
>
>  credit – counsel, I don't see that sheet.
>
>  MR. CARY: I hadn't added it all up yet because I wanted to make sure I understand
>
>  the Court's intent because I do have –
>
>  THE COURT: The Court's intent is I'm giving him credit for the time he spent in
>
>  Cook County Department of Corrections custody. I'm noting on my sheet,
>
>  and it will be on his mitt, that the report for possible program credit is being
>
>  sent to IDOC as well. At this time the credit I'm giving him is only for the
>
>  time actually spent in Cook County Department of Corrections.
>
>  MR. CARY: All right, one second, Judge.
>
>  Judge, can we continue. I just ask that the letter I tendered to the Court from
>
>  Cook County Sheriffs Office be attached to his mitt.
>
>  THE COURT: Same thing I just said for you, Counsel.

MR. CARY: Thank you.

THE COURT: I said it. I wrote it too.

MR. CARY: I just want to clarify it so the defendant understands.

THE COURT: It will be attached to your mitt. IDOC will make a determination if you qualify for that additional credit.

Counsel, you believe he's spent 1,454 days in Cook County custody?

MR. CARY: Yes. He was arrested on March 13, 2020 up till today's date.

THE COURT: State, you concur?

MR. WOJNICKI: Yes, Judge.

THE COURT: I will give you credit for 1,454 days Cook County Department of Corrections.

That report that we spoke about will be attached to the mitt."

¶ 5 On May 3, 2024, Renfro filed a *pro se* "motion to correct/amend mittimus for program credit". The motion asked for 625 days (571 days of educational programming plus 54 days of work service) of additional sentencing credit for Renfro's participation in qualifying programs under section 5/3-6-3(a)(4.2) of the Unified Code of Corrections (730 ILCS 5/3-6-3(a)(4.2) (West 2024)). Attached to the motion was a "Participant Verification Request Form" from the Cook County Sheriff's Office that indicated Renfro "is an active PACE-Adult Education/GED participant as of 8/8/22 – current for a total of 571 days. Confirming Mr. Renfro served as an IIC worker for a total of 54 days while in CCDOC custody."

¶ 6 On May 10, 2024, the circuit court denied the motion for a corrected mittimus. It stated:

"I leave it to the discretion of the Illinois Department of Corrections to give him credit for any program as noted unless – let's double check something before I do – as noted as stated at the time of his plea. While we had the documentation, there are certain things I chose not to give him that credit at my discretion; that does not preclude IDOC from giving him such credit.

I see no reason to change the ruling I gave nor the explanation that I gave. It stands."

¶ 7 On July 5, 2024, Renfro filed a *pro se* "[m]otion for writ of *habeas corpus*," stating that he learned by letter from the clerk that his motion for sentence credit had been denied, and that he sought a remote hearing to explain why.

¶ 8 The court denied the writ on July 12, 2024, stating, "Motion for writ of *habeas corpus* denied. Previous ruling to stand. Mitt credit is given to stand. Program credit at IDOC discretion."

¶ 9 On February 18, 2025, Renfro filed another motion to correct the mittimus. The motion sought credit for 625 days of qualifying program participation. The court denied the motion, commenting that "there will be no adjustments." The court also stated, "[t]his motion has been denied multiple times. He will receive department credit at the time of his plea. Mr. Renfro received 1,454 days of credit which was the appropriate amount as discussed at the time of his plea."

¶ 10 On July 16, 2025, Renfro filed a "motion for order *nunc pro tunc*," which is the subject of this appeal. The motion requested 571 days of sentencing credit for participation in educational programming while at Cook County Jail. The same participant verification request form was attached.

¶ 11 The court denied the motion on July 29, 2025, stating:

"He's asking that I give him, in this motion, 571 days. At the time of his plea, the mittimus reflects that I gave him 1,454 days credit. I have no idea why he continues to file these frivolous motions so once again, denied, now for the third time.

Previous orders to stand.

Defendant received all applicable credit, all applicable additional credit. His credit that he received was part of the plea deal that he made for the plea he was given. We attached, in addition, to merely his mittimus, the proof that was presented to the Court, any additional program credit that was presented to the Court at the time.

Any further frivolous motions will subject the Defendant to sanctions."

¶ 12 Renfro timely appealed.

¶ 13                                II. ANALYSIS

¶ 14 As an initial matter, we note that Renfro has not forfeited any argument relating to his sentencing credit by mischaracterizing his request for credit as a motion *nunc pro tunc* instead of a motion under Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024). Renfro's motion asked the circuit court to correct his mittimus to reflect credit that he believed he was entitled to. Rule 472(a)(3) provides that "the circuit court retains jurisdiction to correct" errors in the calculation of presentence custody credit. Ill. S. Ct. R. 472(a)(3) (eff. Feb. 1, 2024). The substance of Renfro's motion is consistent with the remedy available in Rule 472, and thus, we find that he did not forfeit his Rule 472 argument. See *People v. Wells*, 2024 IL 129402, ¶ 16.

¶ 15 Turning to the merits, Renfro contends that the circuit court erred when it denied his motion for sentencing credit based on participation in a qualified educational program during his time

awaiting trial. The State responds, citing *Wells*, that Renfro is not entitled to any additional credit because he entered into a fully negotiated plea that did not include the credit he is now seeking.

¶ 16    Plea agreements, especially negotiated plea agreements where the parties have agreed on the appropriate sentence, are considered contracts between the State and the defendant. *People v. Lenoir*, 2013 IL App (1st) 113615, ¶ 13. A defendant is entitled to have his mittimus amended to reflect additional presentence credit following a negotiated plea only when he receives less credit than what he was promised (*People v. Clark*, 2011 IL App (2d) 091116, ¶¶ 11-12), or when he has not been awarded mandatory presentence credit (*People v. Johnson*, 401 Ill. App. 3d 678, 683-84 (2010)). Whether a mittimus should be amended is a purely legal issue subject to *de novo* review. *People v. Carlisle*, 2015 IL App (1st) 131144, ¶ 86.

¶ 17    In *Wells*, 2024 IL 129402, ¶ 1, the defendant pled guilty to unlawful possession of cannabis with intent to deliver in exchange for six years in prison, with 54 days' credit for time served. After the trial court sentenced the defendant pursuant to the agreement, he filed a motion seeking additional sentencing credit for time spent on home detention prior to the plea, which the court denied. *Id*. On appeal, the appellate court affirmed, concluding that a fully negotiated plea constitutes a waiver of presentence custody credit not provided in the plea agreement. *Id*. Our supreme court affirmed, holding that "where a fully negotiated plea deal represents a complete and final expression of the parties' agreement, a presumption arises that every material right and obligation is included and neither party may unilaterally seek modification of the agreement." *Id*. ¶ 24. Accordingly, the defendant was foreclosed from seeking additional credit for home detention. *Id*.

¶ 18    The facts presented in this case are distinguishable from *Wells* and do not compel a finding of waiver. In *Wells*, the issue of sentencing credit for home detention was never raised during the

plea and sentencing proceedings. Instead, "the parties expected the trial court to immediately enter a final judgment consistent with the terms of the agreement." *Id*. In contrast, here, defense counsel informed the circuit court during the plea proceedings that Renfro was entitled to sentencing credit based on his participation in educational programming in the county jail. The circuit court stated on the record several times, throughout the plea proceedings and post-plea proceedings, that the Illinois Department of Corrections would calculate any sentencing credit Renfro was entitled to for his participation in educational programming while in the county jail.

¶ 19    Here, unlike in *Wells*, the record rebuts any presumption that the plea agreement constituted the final expression of the agreement of the parties on the matter of whether defendant was entitled to sentencing credit for his participation in programming in the county jail. Accordingly, we conclude that Renfro was not foreclosed from claiming he was entitled to additional sentencing credit not provided for in the plea agreement. See *People v. Simpson*, 2024 IL App (4th) 230846-U (distinguishing *Wells* on a similar basis and coming to the same conclusion as we do here, that the sentencing claim was not waived).

¶ 20    Renfro rightly notes that, under section 5-4.5-100(c-5) of the Unified Code of Corrections (730 ILCS 5/5-4.5-100(c-5) (West 2024)), the "trial court shall give the defendant credit for successfully completing county programming while in custody prior to imposition of sentence at the rate specified in Section 3-6-3 (730 ILCS 5/3-6-3)." Section 3-6-3(a)(4)(A) states that any prisoner who is engaged full-time in education programs and satisfactorily completes the assigned program as determined by the Illinois Department of Corrections shall receive one day of sentence credit for each day in which that prisoner is engaged in the activities described in this paragraph. 730 ILCS 5/3-6-3(4)(A) (West 2024). "Calculation of this county program credit shall be done at

sentencing as provided in Section 5-4.5-100 of this Code and shall be included in the sentencing order." *Id.*

¶ 21    Based on the foregoing, a trial court "unquestionably" has the responsibility of determining the presentence custody programming credit due to a defendant at sentencing, as prescribed by the legislature. *People v. Williams*, 239 Ill. 2d 503, 508 (2011). The circuit court, in error, concluded that the programming credit was a matter for the Illinois Department of Corrections. Accordingly, we vacate the court's denial of Renfro's motion for additional sentencing credit, and we remand the case to the circuit court with instructions to hold a hearing to determine the amount of pretrial programming credit that Renfro should receive, if any, and award him that credit.

¶ 22    We find further support for our decision looking at the history of *People v. Perteet*, No. 132436 (Ill. Jan. 28, 2026) (supervisory order). In the circuit court, during a sentencing hearing following a negotiated guilty plea, the defendant requested additional credit for "program participation." *Perteet*, 2025 IL App (1st) 241141, ¶ 6, *vacated*, No. 132436 (Ill. Jan. 28, 2026) (supervisory order). The court stated that its policy was that the Illinois Department of Corrections would calculate the credits owed, but that it was not "doing it from the Bench." *Id.* When no additional sentencing credit was given, the defendant filed a motion to correct the mittimus to reflect additional days of credit, which was denied. *Id.* ¶ 10. On appeal, the appellate court affirmed, finding that even though the "trial court failed to fulfill its statutory duty" of calculating the sentencing credit for the defendant, "it is of no moment *** where defendant's 10-year sentence was within the terms of the negotiated plea bargain." *Id.* ¶ 18. Subsequently, in a supervisory order, our supreme court directed the appellate court to vacate its judgment in *Perteet* and "to remand the case to the circuit court with instructions to hold a hearing to determine the

amount of pretrial programming that defendant should receive, and award him that credit." *People v. Perteet*, No. 132436 (Ill. January 28, 2026) (supervisory order).

¶ 23    Here, where Renfro requested additional sentencing credit for participation in an educational program during a sentencing hearing following a negotiated plea deal, the circuit court should have determined the amount of credit Renfro was entitled to at that time. We therefore remand the case to the circuit court with instructions to hold a hearing to determine the amount of credit that Renfro should receive, if any, and award him that credit.

¶ 24                                    III. CONCLUSION

¶ 25    For the foregoing reasons, we vacate the denial of Renfro's motion to amend the mittimus and remand the case to the circuit court of Cook County for further proceedings consistent with this order.

¶ 26    Vacated and remanded.